IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIE OLDS, 110818,<br>    Petitioner, | )<br>)<br>) |
| v. | ) Civil Action No. 07-1059<br>) |
| COMMONWEALTH OF<br>PENNSYLVANIA,<br>    Respondent. | )<br>)<br>)<br>) |

MEMORANDUM OPINION

Mitchell, M.J.

Willie Olds, an inmate at the Allegheny County Jail has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons that follow, the petition is dismissed, and because no viable constitutional issue exist upon which a reasonable jurist could conclude that there is a basis for appeal, a certificate of appealability is denied.

Willie Old is presently incarcerated at the Allegheny County Jail. He was apparently arrested on a variety of firearms charges and contends he has been held in the Allegheny County Jail for over a year without having been brought to trial or released on nominal bond in violation of Pennsylvania Rules of Criminal Procedure. According to the petition executed on July 23, 2007, the charges are filed at No. CC 200607424 in the Court of Common Pleas of Allegheny County, Pennsylvania and are scheduled for trial on July 26, 2007.[1] However, the County docket

---

[1] See: Petition at p. 5 ¶ 11.

1

sheet demonstrates that as of this date trial has not commenced, but that on July 5, 2007, the petitioner filed a state habeas corpus petition.

On or after June 28, 2007, the petitioner apparently also sought habeas corpus relief in the Supreme Court of Pennsylvania.[2] The present petition was executed on July 23, 2007.

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d

---

[2] We derive this approximate date from the undated attachment to the petition from which it appears that Olds refers to events which occurred on June 28, 2007.

Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the "contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, it would appear that the matters which the petitioner seeks to raise here have not been properly raised in the courts of the Commonwealth, and for this reason, there remain unexhausted remedies. In addition, we observe that Olds seeks to invoke a number of

Pennsylvania procedural rules which he claims have been violated, and as such are not matters properly brought before a federal habeas court. <u>Johnson v. Rosemeyer</u>, 117 F.3d 104 (3d Cir.1997).

Because the instant petition is not properly before this Court the petition is dismissed, and because no viable constitutional issue exist upon which a reasonable jurist could conclude that there is a basis for appeal, a certificate of appealability is denied.

An appropriate order will be entered.